**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 15 CR 66 |
| | ) | |
| DEANDRE ENOCH, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION AND ORDER**

MATTHEW F. KENNELLY, District Judge:

The indictment in this case charges Deandre Enoch with robbing a person of money belonging to the United States in violation of 18 U.S.C. § 2114(a) (count one); using, carrying, or brandishing a firearm in the course of a crime of violence—the robbery charged in count one—in violation of 18 U.S.C. § 924(c)(1)(A) (count two); and possessing a firearm after having been convicted of a felony in violation of 18 U.S.C. § 922(g)(1) (count four). Enoch has moved to dismiss count two for failure to charge an offense. He contends that the offense charged in count one does not qualify as a "crime of violence" under section 924(c)(1)(A). For the reasons stated below, the Court denies Enoch's motion.

**Background**

Enoch and Dimitri Woods were arrested on February 6, 2015 during the course of an alleged robbery of two confidential government informants during an illegal gun sale. Woods had previously arranged the sale with one of the informants (CI-1). The

government arranged for the second (CI-2) to accompany CI-1 to the sale. On the day of the alleged robbery, CI-1 and CI-2 arrived to purchase the guns at a house specified by Woods. Woods allegedly led CI-1 and CI-2 down a gangway beside the house. As they approached the rear of the house, Enoch allegedly emerged from a staircase brandishing a firearm. Woods also allegedly produced a firearm. The government alleges they both pointed their guns at CI-1 and CI-2 and demanded they turn over the money they had brought to buy the guns. According to the government, CI-2 ran and yelled for help while Enoch chased him, continuing to brandish the gun. During the chase, an officer who was at the scene arrested Enoch.

## Discussion

Section 924(c) enhances a defendant's sentence for an underlying crime of violence if the defendant uses or carries a firearm during the commission of the offense. *See* 18 U.S.C. § 924(c)(1)(A). A crime constitutes a crime of violence if it falls within one of the definitions set out in two subparagraphs of section 924(c)(3). The first subparagraph (the "force" clause) defines a crime of violence as one that "has as an element the use, attempted use, or threatened use of physical force against the person or property of another." *Id.* § 924(c)(3)(a). The second subparagraph (the "residual" clause) encompasses offenses that "by [their] nature, involve[ ] a substantial risk that physical force against the person or property of another may be used in the course of committing the offense." *Id.* § 924(c)(3)(b). A crime constitutes a crime of violence if it falls within either subparagraph.

Enoch argues that section 2114(a) is not a qualifying offense under the firearm statute's force clause because it does not require the use, attempted use, or threatened

2

use of physical force.  Section 2114(a) states:

> A person who assaults any person having lawful charge, control, or custody of any mail matter or of any money or other property of the United States, with intent to rob, steal, or purloin such mail matter, money, or other property of the United States, or robs or attempts to rob any such person of mail matter, or of any money, or other property of the United States, shall, for the first offense, be imprisoned not more than ten years; and if in effecting or attempting to effect such robbery he wounds the person having custody of such mail, money, or other property of the United States, or puts his life in jeopardy by the use of a dangerous weapon, or for a subsequent offense, shall be imprisoned not more than twenty-five years.

*Id.* § 2114(a).

The terms in section 2114(a) that are relevant to Enoch's motion are "rob" and "robbery."  Because the statute does not define robbery, courts have given the term its common law meaning.  *See United States v. Rodriguez*, 925 F.2d 1049, 1052 (7th Cir. 1991).  In *Rodriguez*, the Seventh Circuit defined robbery as "the taking . . . of property from the person of another against his will by violence or putting him in fear."  *Id*.

Enoch compares *Rodriguez*'s "putting him in fear" clause with section 2114(a)'s bank robbery analogue, which defines bank robbery as the taking of property from the person of another against his will "by force and violence, or by intimidation."  18 U.S.C. § 2113(a).  Enoch interprets *Rodriguez*'s "fear" and section 2113(a)'s "intimidation" as referring to the fear of facing bodily harm.  Fear of bodily harm, according to Enoch, does not rise to the level of seriousness required in section 924(a).  He argues that because fear of bodily harm can exist without the use of threatened, attempted, or actual "violent force," robbery cannot constitute a violent crime.  *See* Def.'s Mot. to Dismiss at 11-18.

Enoch is correct when he says that the physical force at issue in analyzing the

3

"crime of violence" issue must be violent in the sense that it must be capable of causing physical injury or pain. *See Johnson v. United States*, 559 U.S. 133, 140 (2010) (defining physical force as that which is "capable of causing physical pain or injury to another person"). Still, for the reasons set out below, a violation of section 2114(a) meets this standard.

The government does not dispute that intimidation is an element of robbery. It maintains that robbery is a crime of violence under section 924(a) because the concept of intimidation connotes an implied threat of violent force. The Court agrees. The Seventh Circuit has repeatedly held that intimidation refers to a threatened use of physical force. *See United States v. Gordon*, 642 F.3d 596, 598 (7th Cir. 2011) ("intimidation exists when a bank robber's words and actions would cause an ordinary person to feel threatened, by giving rise to a reasonable fear that resistance or defiance will be met with force."); *United States v. Thornton*, 539 F.3d 741, 748 (7th Cir. 2008) ("Intimidation is the threat of force . . . which exists in situations where the defendant's conduct and words were calculated to create the impression that any resistance or defiance . . . would be met with force"); *United States v. Smith*, 131 F.3d 685, 688 (7th Cir. 1997) ("intimidation is a reasonable fear that resistance will be met with physical force"); *United States v. Jones*, 932 F.2d 624, 625 (7th Cir. 1991) ("Intimidation means the threat of force"). In *Thornton*, the court set out a variety of factual circumstances that would involve intimidation, all of which have in common the invocation of a reasonable fear that the defendant "might use physical force to compel" action from the victim. *Thornton*, 539 F.3d at 749. Force that is capable of compelling action fits within the definition of violent force set out in the Supreme Court's 2010 decision in *Johnson*.

4

*See Johnson*, 559 U.S. at 142 ("the term 'physical force' itself normally connotes force strong enough to constitute power—and all the more so when it is contained in a definition of 'violent felony'").

Because intimidation requires a threat, albeit in some cases an implied threat, of violent physical force, robbery is a crime of violence within the meaning of section 924(c) even though it can be committed by intimidation rather than actual violence. Indeed, the Seventh Circuit so held in construing the term "crime of violence" as used in a Sentencing Guidelines enhancement. *See United States v. Jones*, 932 F.2d 624, 625 (7th Cir. 1991) (construing U.S.S.G. § 4B1.2(1)(i); "There is no 'space' between 'bank robbery' and 'crime of violence'"). It is also worth noting that the clause of section 2114(a) referenced in Count 1 of Enoch's indictment applies only to robberies that "put [a person's] life in jeopardy by the use of a dangerous weapon." 18 U.S.C. § 2114(a). It is beyond question that a robbery that puts a person's life in jeopardy by the use of a dangerous weapon is a violent crime under the *Johnson* definition and section 924(a).

For these reasons, the Court concludes that an offense under 18 U.S.C. § 2114(a) qualifies as a crime of violence under 18 U.S.C. §§ 924(c)(1)(A) and 924(c)(3)(A). For this reason, the Court need not address Enoch's arguments concerning the residual clause, section 924(c)(3)(B).

## Conclusion

For the foregoing reasons, the Court denies defendant Deandre Enoch's motion to dismiss count two of the indictment [dkt. no. 25].

Date: October 21, 2015

_____
MATTHEW F. KENNELLY
United States District Judge

5